**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NICKALAS WILLARD MURRELL,

      Petitioner,                  Civil No. 2:19-CV-10457
                                    HONORABLE ARTHUR J. TARNOW
v.                                UNITED STATES DISTRICT JUDGE

TOM WINN,

      Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Nickalas Willard Murrell, ("Petitioner"), confined at the Saginaw

Corrrectional Facility in Freeland, Michigan, filed a petition for writ of habeas

corpus pursuant to 28 U.S.C.§ 2254.  In his application, filed *pro se*, petitioner

challenges his conviction and sentence for operating a motor vehicle while

intoxicated (OWI) causing death, Mich. Comp Laws § 257.625(4); attempted

unauthorized use of a motor vehicle, Mich. Comp Laws §§ 750.414, 750.92; and

being a third felony habitual offender, Mich. Comp Laws § 769.11.  For the

reasons that follow, the petition for writ of habeas corpus is DENIED.

### I.  Background

Petitioner was charged with eleven different charges and being a fourth

felony habitual offender.  Pursuant to a plea agreement with the Emmet County

Prosecutor, petitioner pleaded no-contest to OWI causing death and attempted unauthorized use of a motor vehicle, in exchange for dismissal of the other eleven charges. The prosecutor also agreed that in exchange for petitioner agreeing to be sentenced as a third felony habitual offender, the original fourth felony habitual offender supplement would be dismissed. (Tr. 10/24/16, pp. 6-7, ECF 9-3, Pg ID 212-13, See also Joint Exhibit # 1-Plea Hearing, ECF 9-9, Pg ID 336-38). The prosecutor further indicated on the record that it would be the prosecutor's recommendation at sentencing that petitioner be sentenced within the sentencing guidelines range. The prosecutor noted that this recommendation would be non-binding on the sentencing court. (*Id.,* p. 7, ECF 9-3, Pg ID 213). A written joint plea agreement that had been signed by the parties reiterated the nature of the plea and sentencing agreement and was made part of the court record. (*Id.,* pp. 8-11, ECF 9-3, Pg ID 214-17).

In his written plea agreement, petitioner expressly stated the following:

I have no objection to the Hon. James N. Erhart [a district court judge] sitting as the Circuit Court Judge for the limited purpose[] of taking my no contest pleas. I specifically waive any objection that I might otherwise have to the Hon. Charles W. Johnson [a circuit court judge] imposing my sentence.

(Joint Plea Ex., p. 2, ECF 9-9, Pg ID 337).

On December 15, 2016, petitioner was sentenced by Judge Johnson to twenty to thirty years on the OWI causing death conviction and a concurrent one year sentence on the attempted unauthorized use of a motor vehicle conviction.

(Tr. 12/15/16, p. 31, ECF 9-4, 259).  Petitioner's sentence was a departure above the sentencing guidelines range of 62-171 months. (*Id.*, pp. 9, 26-31, ECF 9-4, 237, 254-59).

Petitioner filed a motion to withdraw his no-contest plea or in the alternative for a re-sentencing.  Petitioner claimed in his motion that the prosecutor breached the plea agreement by failing to orally recommend at sentencing that the judge remain within the sentencing guidelines.  Petitioner also claimed that his rights were violated when he was not sentenced by the same judge who accepted his no-contest plea.  At the hearing on the motion, petitioner indicated that he no longer sought to withdraw his no-contest plea, but wished to proceed with the re-sentencing. (Tr. 6/29/17, p. 3, ECF 9-5, Pg ID 264).

Judge Johnson denied the motion for re-sentencing.  The judge first noted that petitioner had executed a written waiver as part of his plea agreement where he waived any objection to the district court judge taking his plea but to being sentenced by a different judge. (*Id.*, p. 8-9, ECF 9-5, 269-70).  The judge further found that the prosecutor did not breach the plea agreement by failing to verbally allocate at sentencing that petitioner should be sentenced within the sentencing guidelines.  Judge Johnson noted that the prosecutor's recommendation that petitioner be sentenced within the guidelines was part of the record.  Judge Johnson observed that the prosecutor did not ask the judge at sentencing to exceed the sentencing guidelines.  Judge Johnson stated that he was aware of

3

the prosecutor's agreement to recommend that petitioner be sentenced within the guidelines range, having reviewed the joint exhibit, the plea exhibit, and by reference to the agreement and sentencing recommendation in the pre-sentence investigation report. The face sheet of the pre-sentence investigation report, in fact, stated: "The Emmet County Prosecuting Attorney's Office agreed not to seek a sentence outside the advisory state guidelines." Judge Johnson indicated that he was aware of the prosecutor's recommendation but chose to sentence petitioner above the sentencing guidelines range. The judge concluded that the plea agreement had not been breached and denied the motion for re-sentencing. (*Id.*, pp. 9-10, ECF 9-5, 270-71).

Petitioner's plea and sentencing was affirmed. *People v. Murrell,* No. 339439 (Mich.Ct.App. Sept. 6, 2017); *lv. den.* 910 N.W. 2d 277 (2018).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The prosecutor breached the plea agreement when he failed to make the agreed-upon sentencing.

II. Murrell's rights were violated when he was not sentenced by the judge who took his plea; and,

III. Murrell's sentence was unreasonable where it violated the principle of proportionality.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)　resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)　resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

Petitioner's first and second claims were addressed and adjudicated by the Emmet County Circuit Court judge when he denied the motion for re-sentencing.

In reviewing a claim under the AEDPA's deferential standard of review,

5

this Court must review "the last state court to issue a reasoned opinion on the issue." *Hoffner v. Bradshaw,* 622 F. 3d 487, 505 (6th Cir. 2010)(quoting *Payne v. Bell*, 418 F.3d 644, 660 (6th Cir. 2005)); *See also Barrientes v. Johnson*, 221 F.3d 741, 779 (5th Cir. 2000)("When the last state adjudication of the claim is silent or ambiguous, the federal court should look through to the last clear state decision on the matter.")(internal quotation marks omitted)). Because the Michigan Court of Appeals and the Michigan Supreme Court simply denied petitioner's applications for leave to appeal in unexplained one-sentence orders, this Court must "look through" these decisions to the state trial judge's opinion, the last state court to issue a reasoned opinion, and determine whether that court's adjudication of petitioner's first and second claims was "contrary to," or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See Hamilton v. Jackson,* 416 F. App'x. 501, 505 (6th Cir. 2011).

Petitioner's third claim was rejected on appeal by the Michigan appellate courts. The AEDPA deferential standard of review applies to petitioner's third claim where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. See *Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

6

### III. Discussion

**A. Claim # 1. The breach of plea agreement claim.**

Petitioner first contends that he is entitled to re-sentencing because the prosecutor breached the terms of the plea agreement by failing to verbally recommend at sentencing that the judge sentence petitioner within the sentencing guidelines range of 62-171 months.

An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *See Myers v. Straub,* 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001)(internal citation omitted). However, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Id.*

The prosecutor did not breach the plea agreement. At the time of the plea, the prosecutor placed the terms of the plea agreement on the record and the written plea agreement was admitted as an exhibit. The prosecutor at the time of the plea indicated that the prosecutor's office was recommending that petitioner be sentenced within the guidelines although this recommendation would be non-binding. At sentencing, Judge Johnson was advised by defense counsel that the prosecutor had made a recommendation that petitioner be sentenced within the sentencing guidelines range of 62-171 months, although he further indicated that this was not binding. (Tr. 12/15/16, ECF 9-4, Pg ID 237). When the judge later denied the motion for re-sentencing, he observed that he

was well aware from reviewing various court documents that the prosecutor had recommended that the judge sentence petitioner within the sentencing guidelines range, but the judge had chosen not to.

The prosecutor did not breach the plea agreement with petitioner, because he advised the court of the sentencing recommendation at the no-contest plea hearing and in the written plea agreement and the prosecutor did not ask for a sentence above the sentencing guidelines range at sentencing. *See United States v. Stallings*, 97 F. App'x 608, 611-12 (6th Cir. 2004). The prosecutor was "not required to argue on behalf of, nor orally to state its support of, the recommendation at the sentencing hearing in order to fulfill its commitment" to petitioner to recommend to the judge that he stay within the sentencing guidelines range. *Id.,* at 612.

Because it is clear from the record that no promises were made that have not been kept, or that the plea bargain was breached, petitioner is not entitled to habeas corpus relief. *See Williams v. Anderson,* 498 F. Supp. 151, 152 (E.D. Mich. 1980).

**B. Claim # 2.  The sentencing judge claim.**

Petitioner next argues that he is entitled to re-sentencing because he was sentenced by a judge who was not the judge who accepted his no-contest plea.

Judge Johnson rejected petitioner's claim when he denied the motion for re-sentencing, ruling that petitioner had waived the claim when he expressly

agreed in the plea agreement that he had no objection to the district court judge taking the plea but to having Judge Johnson conduct the sentencing.

Waiver is an "'intentional relinquishment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993)(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A criminal defendant who has waived his rights "may not then seek appellate review of claimed deprivation of those rights, for his waiver has extinguished any error." *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996)(citing *Olano*, 507 U.S. at 733-34). *See also Shahideh v. McKee*, 488 F. App'x. 963, 965 (6th Cir. 2012)("waiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors"). The sentencing judge concluded that petitioner waived the issue by expressly agreeing in the plea agreement that Judge Johnson could sentence petitioner even though he did not accept petitioner's plea. A defendant in a criminal case cannot complain of error which he himself has invited. *Shields v. United States*, 273 U.S. 583, 586 (1927). When a petitioner invites an error in the trial court, he is precluded from seeking habeas corpus relief for that error. *See Fields v. Bagley,* 275 F. 3d 478, 486 (6th Cir. 2001).

In any event, petitioner is not entitled to relief on his claim because there is no federal constitutional right to be sentenced by the trial judge or the judge who accepted the petitioner's guilty or no-contest plea. *See Holloway v. Rivard,* No. 16-11059, 2019 WL 1315544, at *4 (E.D. Mich. Mar. 22, 2019); *Bowker v.*

9

*Howes*, No. 1:10CV327, 2013 WL 4780259, at * 6 (W.D. Mich. Sept. 5, 2013); *See also U.S. ex rel. Fields v. Fitzpatrick*, 548 F.2d 105, 107 (3d Cir. 1977)(State criminal defendant had no federal constitutional right to be sentenced by his trial judge). Petitioner is not entitled to relief on his second claim.

### C. Claim # 3. The disproportionate sentence claim.

Petitioner lastly claims that his sentence of twenty to thirty years for OWI causing death was disproportionate.

Petitioner fails to state a claim for federal habeas relief. The United States Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the United States Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Id.* at 1001. Furthermore, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F. 3d 298, 302 (6th Cir. 2000). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003)(*citing Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'"

*Cowherd v. Million*, 260 F. App'x. 781, 785 (6th Cir. 2008)(*quoting United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)).  As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Moreover, federal courts generally do not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995).  Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).  Finally, petitioner's claim that his sentence is disproportionate under Michigan law thus would not state a claim upon which habeas relief can be granted. *See Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).

Petitioner's sentence of twenty to thirty years in prison was within the statutory limits for the crime of OWI causing death and being a third felony habitual offender.[1]  Petitioner's sentence of twenty to thirty years for this crime was not excessively disproportionate. *See e.g. United States v. Key*, 599 F.3d

---

[1] Under Mich. Comp Laws § 769.11(1)(a), a third felony habitual offender who is convicted of an offense that carries less than life in prison can be sentenced to up to a maximum sentence that is not more than twice the maximum term of the underlying offense.  The maximum penalty for OWI causing death (subject to exceptions not applicable in this case) is fifteen years in prison. Mich. Comp Laws § 257.625(4)(a).

469, 475 (5th Cir. 2010)(imposition of 216-month sentence for defendant's intoxication manslaughter offense, which was above the Sentencing Guidelines range of 46 to 57 months, was not substantively unreasonable nor disproportionate).  Petitioner is not entitled to relief on his third claim.

### D.  A certificate of appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [2] 28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full

---

[2]  Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Murrell is not entitled to federal-habeas relief on the claims presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is

**DENIED WITH PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that petitioner will be granted leave to appeal

*in forma pauperis.*

_s/Arthur J. Tarnow_____

**Dated: July 12, 2019**    **HON. ARTHUR J. TARNOW**
UNITED STATES DISTRICT COURT